IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KYLE PAGE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 24-2462 |
| | : | |
| **CHIEF PATRICK PRIORE, BRIAN VITKO, HOME DEPOT, TULLYTOWN POLICE DEPARTMENT** | : : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                 **June 21, 2024**

An incarcerated man believes a local Home Depot store, its employee, or the local police are retaining a recently discovered video which may cast doubt on his 2019 robbery conviction in state court. He asked for the video. He now pro se asks us to order they produce the video to him and pay him millions of dollars for violating his rights, false imprisonment, and defamation of character. We granted him leave to file without paying the initial filing fee and now must screen his allegations before issuing summons. Our screening requires we dismiss his civil rights claims with prejudice against the Home Depot and its employee. We dismiss his claims against the local police without prejudice to be renewed only if his underlying conviction is reversed, expunged, called into question by a federal court's issuance of a writ of habeas corpus following exhaustion or excused exhaustion in state court, or otherwise invalidated.

### I.   Alleged pro se facts

A person ran through the Home Depot parking lot after robbing a nearby store on the morning of February 20, 2017.[1] Home Depot employee Brian Vitko provided the Tullytown Police Department and Police Chief Patrick Priore with video footage of the incident on July 23, 2023.[2] A Bucks County jury convicted Kyle Page in early 2019 of robbery, retail theft, and

related offenses after unidentified persons reported Kyle Page ran through the parking lot unmasked.[3] The video footage shows a masked robber.[4]

The incarcerated Mr. Page now returns with a fourth civil rights challenge to his 2019 conviction and third suit against Tullytown police.[5] Mr. Page today sues Mr. Vitko, Home Depot, Chief Priore, and the Tullytown Police Department for violating his Sixth, Eighth, Ninth, and Fourteenth Amendment rights.[6] He also brings claims for "violating [his] rights in various ways, a right to a fair trial, and false imprisonment, defamation of character."[7] He requests a copy of the video footage from the morning of February 20, 2017, $30,000 from Home Depot for emotional distress, and $6 million from Tullytown Township for false imprisonment and defamation of character.[8]

## II. Analysis

Congress requires we screen the incarcerated Mr. Page's latest Complaint after we granted Mr. Page leave to proceed without paying the filing fees. Our screening obligations require us to dismiss Mr. Page's complaint if his claims are "frivolous or malicious; fail[ ] to state a claim on which relief may be granted; or seek[ ] monetary relief from a defendant who is immune from such relief."[9] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B), we apply the same standard provided in Federal Rule of Civil Procedure 12(b)(6).[10] We must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[11] We construe Mr. Page's pro se Complaint liberally and "hold it to 'less stringent standards than formal pleadings drafted by lawyers.'"[12]

Mr. Page used a form complaint for violation of civil rights.[13] Congress does not confer substantive rights through section 1983; rather, section 1983 is the vehicle used to bring federal

constitutional claims in federal court. Mr. Page must plead two elements to proceed on his civil rights claims: (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[14]

### A. Mr. Page cannot sue Home Depot and its employee for civil rights claims.

Mr. Page claims Mr. Vitko, Home Depot, Chief Priore, and the Tullytown Police Department violated his constitutional rights by withholding video footage which "vindicates" him.[15] Mr. Page seeks a copy of the video footage and monetary damages. We dismiss Mr. Page's claims against Brian Vitko and Home Depot because they are not state actors – the first element to proceed on a civil rights claim under section 1983. We dismiss these civil rights claims against these private persons with prejudice.

### B. Mr. Page cannot today sue state actors for allegedly withholding evidence.

Mr. Page's remaining claims against Chief Priore and Tullytown Police Department are not cognizable in a section 1983 action. We follow the Supreme Court's directive in *Heck v. Humphrey*: "In order to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, ***or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid***, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[16]

Mr. Page's claims rest on an allegation he is entitled to video footage evidence because it "vindicates" him but no one provided the evidence to him. Parties typically assert such claims under *Brady v. Maryland*, in which our Supreme Court held "the suppression by the prosecution

of evidence favorable to an accused…violates due process where the evidence is material either to guilt or to punishment."[17] Claims based on suppression of evidence are barred by *Heck* because they necessarily imply the invalidity of a conviction.[18] Mr. Page's claims are barred by *Heck* because success on his *Brady* claim would render his robbery conviction invalid. His claims are not cognizable in a section 1983 action unless and until his state court robbery conviction is reversed, vacated, or otherwise invalidated.[19] The proper vehicle for raising his *Brady* claim is through state court proceedings or a writ of habeas corpus after exhausting his state court appellate rights.[20]

### III.    Conclusion

We dismiss Mr. Page's claims against Mr. Vitko and Home Depot with prejudice as they are not state actors. We dismiss Mr. Page's remaining claims against Chief Priore and Tullytown Police Department without prejudice. Mr. Page may reassert his *Heck* barred claims only if his underlying conviction is reversed, expunged, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise invalidated.

---

[1] ECF No. 1 at 6.

[2] *Id.* at 5.

[3] *Id.* at 7. We take facts from the Commonwealth of Pennsylvania's dockets of which we may take judicial notice. *See Pinkney v. Meadville, Pennsylvania*, 2022 WL 1616972, at *2 (3d Cir. May 23, 2022). We take judicial notice of CP-09-CR-0002704-2017.

[4] *Id.*

[5] Mr. Page earlier claimed other civil rights violations arising from this arrest and 2019 conviction before us again today. He sued the Tullytown Police Chief Daniel Boyle for excessive force arising from an incident on the day of the robbery. *Page v. Doyle*, No. 18-609 (March 20, 2018). We denied summary judgment. *Id.*, ECF Nos. 76–77. The parties agreed to voluntarily dismiss their remaining claims under Rule 41(a)(1). *Id.*, ECF Nos. 103–4.

Mr. Page sued the Bucks County District Attorney who supervised the office which prosecuted him on undisclosed charges. *Page v. Weintraub*, No. 18-2346 (June 4, 2018). We dismissed his civil rights claims as barred by the District Attorney's absolute prosecutorial immunity. *Id.*, ECF Nos. 5–6.

Mr. Page sued Bucks County and the Tullytown Police Department for violating his civil rights during a state court trial on undisclosed charges. *Page v. Cnty of Bucks*, No. 22-3057 (Aug. 1, 2022). Mr. Page sought $4 million from Bucks County and $2 million from the Tullytown Police Department. We dismissed his case with prejudice after two attempts to plead civil rights violations. *Id.*, ECF No. 14.

Today's dismissal on screening marks the third time we dismissed a complaint as lacking merit. We remind Mr. Page we may enter an order barring him from filing further civil rights cases unless he: (1) pays the full filing fee upon commencement of the case, or (2) he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

[6] ECF No. 1 at 3–4.

[7] *Id.* at 6.

[8] *Id.* at 7.

[9] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[10] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[12] *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[13] Congress in section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, …" 42 U.S.C. § 1983.

[14] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

[15] ECF No. 1 at 5–6.

[16] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (emphasis added).

[17] 373 U.S. 83, 87 (1963).

---

[18] *See Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("Unlike [postconviction] testing [of evidence], which may yield exculpatory, incriminating, or inconclusive results, a *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment."); *Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) (holding claims the defendants fabricated and suppressed evidence are barred by *Heck* because success on those claims would necessarily imply the invalidity of plaintiff's conviction); *Salmond v. Williams*, No. 23-3806, 2023 WL 7386680, at *4 (E.D. Pa. Nov. 8, 2023) (plaintiff's claims are barred by *Heck* because the complaint "focuses on the Defendants' alleged withholding of *Brady* material and/or exculpatory evidence that would establish his actual innocence of the crime for which he was convicted"); *Gardner v. First Jud. Dist. of Pennsylvania*, No. 24-1181, 2024 WL 2392986, at *3 (E.D. Pa. May 23, 2024) (an allegation of false imprisonment based on the suppression of evidence "is the type of allegation that would invalidate a conviction and necessarily imply its invalidity").

[19] *See Gardner*, 2024 WL 2392986, at *3 ("Mr. Gardner may challenge his convictions in a habeas proceeding. Also, if, and only if, his convictions are reversed, vacated, or otherwise invalidated, then he may file a new claim under Section 1983."); *Jewells v. Johnson*, No. 22-440, 2023 WL 3328124, at *5 (M.D. Pa. May 9, 2023) ("Even if the plaintiff has exhausted available state remedies, he has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.").

[20] *See Spone v. Reiss*, No. 23-0147, 2024 WL 1120375, at *10 (E.D. Pa. Mar. 14, 2024) ("[A] § 1983 action is an inappropriate vehicle for *Brady* claims that have not yet been raised in state court or a timely habeas petition."); *Gardner*, 2024 WL 2392986, at *3 ("If Mr. Gardner seeks to challenge his convictions, he must do so by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He may not, however, pursue claims predicated on the falsity of his convictions and related imprisonment while those convictions remain intact.").